VALENTÍN POLANCO DE JESÚS ET AL., Plaintiffs and Appellants, *v.* SANTIAGO RUIZ LÓPEZ ET AL., Defendants and Appellees.

No. 8319.   Argued March 13, 1942.—Decided March 27, 1942.

196

Luis Mercader for appellants. Juan B. Soto and Enrique Igaravi-
dez for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In Case No. 15687 of the District Court of Arecibo, judg-
ment was rendered on December 3, 1936, sustaining the com-
plaint as to the first cause of action and dismissing it as to
the second, third, and fourth causes of action, without im-
posing costs on either party. After an appeal had been taken
from said judgment to this court, the latter reversed the
same in so far as it dismissed the causes of action last-above
mentioned, imposed the costs on the defendant Santiago Ruiz
López, and affirmed it in all other respects. See *Polanco* v.
*Ruiz*, 55 P.R.R. 758.

After the mandate had been forwarded to the lower court,
the plaintiffs filed a memorandum of costs wherein they in-
cluded an item of $1,000 for attorney's fees, which was chal-
lenged by the defendant. A proper hearing was had and the
lower court made an order on February 20, 1940, approving
the memorandum in question but excluding the item of $1,000
for attorney's fees. It is from that order that the plaintiffs
have taken the present appeal in which they urge that the
lower court erred in holding that when it rendered its judg-
ment on December 5, 1936, adjudging each party to pay its
own costs, the plaintiffs, appellants herein, should have re-
quested the allowance to them of attorney's fees; and in re-
fusing to award to the plaintiffs the sum of $1,000 as attor-
ney's fees on the ground that this court in its judgment of
December 23, 1939, had only allowed costs.

The grounds relied on by the lower court for refusing to allow the item of attorney's fees, appear from its order and are stated as follows:

"The judgment of this court was rendered on December 3, 1936, when Act No. 69 of May 11, 1936, had already become effective. As our judgment contained pronouncements both in favor of and against the plaintiffs, we directed in our judgment that each party should pay its own costs.

"The case was taken to the Supreme Court which rendered judgment modifying our decision so as to grant the plaintiffs everything they prayed for in their complaint and adjudged the defendants to pay costs only.

"After the rendition of our judgment the plaintiffs failed to ask for a reconsideration thereof as to the failure to grant them costs; so that the costs were imposed for the first time by the Supreme Court when deciding the appeal on December 23, 1939.

"In the judgment of the Supreme Court no pronouncement was made adjudging the defendants to pay the attorney's fees. Under the 1936 Act, which was in force at the time of the rendition of both our judgment and that of the Supreme Court, the imposition of attorney's fees must be expressly made, specifying the amount thereof. We can not add anything to the judgment of the Supreme Court, and therefore the only memorandum which we may consider must exclusively refer to costs and not to attorney's fees.

"A different situation might be presented if the judgment of this court had been rendered under the 1934 Act. Both judgments, however, were rendered as we have already stated, while the present law of 1936 was in force.

"The plaintiffs cited the case of *Mason* v. *White Star Bus Line, Inc.*, 53 P.R.R. 320, but that has reference to a suit where the judgment of the trial court was rendered at a time when the former act was in force and the judgment of the Supreme Court was rendered after the 1936 Act went into effect.

"Moreover, in the recent case of *Vázquez* v. *Industrial Commission*, decided by the Supreme Court on November 30, 1939 (55 P.R.R., 695), the doctrine is laid down that attorney's fees and costs have not the same meaning and that the term costs includes fees and reimbursements consisting of fixed amounts specified by laws, regulations, and schedules, whereas attorney's fees include compensation for professional services."

In *Mason* v. *White Star Bus Line, Inc., supra,* cited by the lower court in its decision, a very comprehensive study was made of the import of the amendment to §§327 and 329 of the Code of Civil Procedure and the following conclusion was reached:

"For these reasons we are of the opinion that the cited sections, as amended by Act No. 69 of 1936, had no retroactive effect and consequently are not applicable to a suit like the present, wherein before the enactment of said, legal provisions there had been made an award of cost under a prior act." *Mason* v. *White Star Bus Line, Inc.,* 53 P.R.R. 326.

In the case at bar, however, the judgment of the lower court, as well as that of this court on appeal, was rendered when the amendments to the said sections had already become effective.

The judgment as rendered by the lower court sustaining the complaint in part only, provided that each party should pay its own costs. Upon the reversal by this court of said judgment in so far as the same was adverse to the plaintiffs, defendant Ruiz was adjudged to pay the costs, but no pronouncement was made imposing the payment of attorney's fees on him.

As the judgment rendered by this court failed to include an award of attorney's fees in favor of the plaintiffs, we are of opinion that no error was committed by the lower court in excluding from the memorandum of costs the item of such fees presented by the plaintiffs. If the plaintiffs considered themselves entitled to a reasonable sum on account of attorney's fees under the judgment of this court, they should have applied to this court for a reconsideration of the judgment in that respect.

The appeal is denied and the judgment appealed from affirmed.